IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEISURE KINGDOM, INC.                                                              PLAINTIFF

vs.                                          NO.     07-5135

WAL-MART STORES, INC., WAL-MART                                    DEFENDANTS
STORES EAST, LP; WAL-MART STORES
TEXAS, LP; SAM'S WEST, INC.; SAM'S
EAST, INC. AND DOES 1-100

**ANSWER OF WAL-MART STORES, INC., WAL-MART STORES EAST, LP, WAL-MART STORES TEXAS, LP, SAM'S WEST, INC. AND SAM'S EAST, INC.
TO LEISURE KINGDOM, INC.'S COMPLAINT**

Defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LP, Sam's West, Inc. and Sam's East, Inc. (collectively, "Wal-Mart"), by their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their Answer to Leisure Kingdom, Inc.'s ("Leisure Kingdom") Complaint, state as follows:

1.      Wal-Mart admits that Leisure Kingdom sold merchandise to some but not all of the Wal-Mart Defendants for resale to the public.  Wal-Mart denies the remaining allegations in paragraph 1 of Leisure Kingdom's Complaint.

2.      Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 2 of Leisure Kingdom's Complaint, and therefore, denies the same.

3.      Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 3 of Leisure Kingdom's Complaint, and therefore, denies the same.

4.      Wal-Mart admits that Wal-Mart Stores, Inc. is a Delaware corporation, with its principal place of business in Bentonville, Arkansas.  Wal-Mart further admits that Wal-Mart Stores, Inc. is the parent company of the wholly owned subsidiaries, Sam's East, Inc. and Sam's West, Inc., and Wal-Mart Stores East, LP.  Wal-Mart admits that Wal-Mart Stores East, LP is a

1

Delaware limited partnership.  Wal-Mart further admits that Sam's East, Inc., Sam's West, Inc., and Wal-Mart Stores East, LP. have their principal place of business in Bentonville, Arkansas. However, Wal-Mart denies that Wal-Mart Stores East, LP, Sam's East, Inc. and Sam's West, Inc. are proper party defendants to this Complaint.  As such, Wal-Mart Stores East, LP, Sam's East, Inc. and Sam's West, Inc. should be dismissed from this suit pursuant to Fed. R. Civ. P. 12(b)(6) and 21.

5.     Wal-Mart admits that Wal-Mart Stores Texas, LP is a Texas limited partnership. Wal-Mart denies that Wal-Mart Stores Texas, LP is a proper party defendant to this Complaint. As such, Wal-Mart Stores Texas, LP should be dismissed from this suit pursuant to Fed. R. Civ. P. 12(b)(6) and 21.

6.     Paragraph 6 of Plaintiff's Complaint does not require a response from Wal-Mart. However, to the extent paragraph 6 does require a response, Wal-Mart denies any and all allegations contained therein.  Furthermore, Wal-Mart denies that Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LP, Sam's West, Inc. and Sam's East, Inc. are proper party defendants to this Complaint, and therefore, should be dismissed from this suit pursuant to Fed. R. Civ. P. 12(b)(6) and 21.

7.     Wal-Mart denies the allegations in paragraph 7 of Leisure Kingdom's Complaint. Wal-Mart affirmatively asserts that Leisure Kingdom has failed to comply with the requirements of ARK. CODE ANN. § 16-56-125.

8.      Wal-Mart admits that it entered into the Supplier Agreement with Leisure Kingdom, dated April 11, 2005, which is attached to Leisure Kingdom's Complaint as Exhibit "A."   Leisure Kingdom attempts to paraphrase the contents of the Supplier Agreement, and Wal-Mart affirmatively asserts that the Supplier Agreement speaks for itself and is the best

evidence of its contents.  Wal-Mart admits the allegations in paragraph 8 to the extent that they are consistent with terms of the Supplier Agreement and denies those that are inconsistent.  Wal-Mart denies any and all remaining allegations contained in paragraph 8 of Leisure Kingdom's Complaint.

9.      Wal-Mart admits that it did assign a vendor number to Leisure Kingdom.  Wal-Mart denies the remaining allegations in paragraph 9 of Leisure Kingdom's Complaint.

10.      Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 10 of Leisure Kingdom's Complaint, and therefore denies the same.

11.      Wal-Mart denies the allegations in paragraph 11 of Leisure Kingdom's Complaint.

12.      Wal-Mart denies the allegations in paragraph 12 of Leisure Kingdom's Complaint.

13.      Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 13 of Leisure Kingdom's Complaint, and therefore denies the same.

14.      Wal-Mart denies the allegations in paragraph 14 of Leisure Kingdom's Complaint.

15.      Wal-Mart denies the allegations in paragraph 15 of Leisure Kingdom's Complaint.

16.      Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 16 of Leisure Kingdom's Complaint, and therefore denies the same.

17.      Wal-Mart reiterates and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 16 above, as if stated herein word for word.

18.     Leisure Kingdom attempts to paraphrase the terms of Exhibit "A," and Wal-Mart affirmatively asserts that said Exhibit speaks for itself.   Wal-Mart admits the allegations in paragraph 18 to the extent they are consistent with Exhibit "A," and denies those that are inconsistent.  Wal-Mart denies any remaining allegations in paragraph 18.

19.     Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 19 of Leisure Kingdom's Complaint, and therefore denies the same.

20.     Wal-Mart denies the allegations in paragraph 20 of Leisure Kingdom's Complaint.

21.     Wal-Mart denies the allegations in paragraph 21 of Leisure Kingdom's Complaint.

22.     Wal-Mart denies the allegations in paragraph 22 of Leisure Kingdom's Complaint.

23.     Wal-Mart reiterates and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 22 above, as if stated herein word for word.

24.     Wal-Mart is without sufficient information to either admit or deny the allegations in Paragraph 24 of Leisure Kingdom's Complaint, and therefore denies the same.

25.     Wal-Mart denies the allegations in paragraph 25 of Leisure Kingdom's Complaint.

26.     Wal-Mart denies the allegations in paragraph 26 of Leisure Kingdom's Complaint.

27.     Wal-Mart denies the allegations in paragraph 27 of Leisure Kingdom's Complaint.

28.     Wal-Mart denies the allegations in paragraph 28 of Leisure Kingdom's Complaint.

29.     Wal-Mart is without sufficient information to either admit or deny the allegations in paragraph 29 of Leisure Kingdom's Complaint, and therefore denies the same.

30.     Wal-Mart denies the allegations in paragraph 30 of Leisure Kingdom's Complaint.

31.     Wal-Mart denies the allegations in paragraph 31 of Leisure Kingdom's Complaint.

32.     Wal-Mart reiterates and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 31 above, as if stated herein word for word.

33.     Leisure Kingdom attempts to paraphrase the terms of the Supplier Agreement, which is attached to the Complaint as Exhibit "A."  Wal-Mart affirmatively asserts that Exhibit "A" speaks for itself.  Wal-Mart admits the allegations in paragraph 33 to the extent they are consistent with Exhibit "A," and denies those that are inconsistent.

34.     Wal-Mart denies the allegations in paragraph 34 of Leisure Kingdom's Complaint.

35.     Wal-Mart denies the allegations in paragraph 35 of Leisure Kingdom's Complaint.

36.     Wal-Mart denies the allegations in paragraph 36 of Leisure Kingdom's Complaint.

37.     Responding to Leisure Kingdom's "WHEREFORE" paragraph, Wal-Mart denies that Leisure Kingdom is entitled to the relief it seeks.

38.     Wal-Mart denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

39.     Wal-Mart pleads affirmatively pursuant to Fed. R. Civ. P. 12(b)(6) that Leisure Kingdom has failed to state a claim upon which relief can be granted.

40.     Wal-Mart pleads affirmatively pursuant to Fed. R. Civ. P. 8(c) the defenses of statute of limitations, estoppel, laches, set-off, and waiver.

41.     Wal-Mart pleads affirmatively pursuant to Fed. R. Civ. P. 9(b) that Leisure Kingdom has failed to plead fraud with particularity.

42.     Wal-Mart pleads affirmatively that Leisure Kingdom has failed to comply with the requirements of ARK. CODE ANN. § 16-56-125.

WHEREFORE, Wal-Mart prays that Leisure Kingdom's Complaint be dismissed with prejudice, for its costs herein expended, including reasonable attorneys' fees, and for all other proper relief to which it may be entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Suite 500
Rogers, AR 72758
(479) 464-5650


By      /s/ Jenny T. Garrett_____
    Marshall S. Ney, Ark. Bar No. 91108
    Jenny T. Garrett, Ark. Bar No. 2008034

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Mr. Michael S. Hodson
Hodson Law Firm
P.O. Box 1305
Fayetteville, AR  72702
*Attorney for Plaintiff*

Mr. Edward Romero
Nelson S. Hsieh
Greenan, Peeffer, Sallander & Lally, LLP
P.O. Box 10
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA  94583
*Attorney for Plaintiff*

_____ /s/   Jenny T. Garrett_____
Marshall S. Ney
Jenny T. Garrett
MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Suite 500
Rogers, AR 72758
(479) 464-5650